Filed 3/29/24  P. v. McFadden CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C098423 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE003314) |
| v. | |
| AKEIM RASHAD McFADDEN, | |
| Defendant and Appellant. | |

Defendant Akeim Rashad McFadden appeals from a resentencing order in the trial court, following remand from this court.  (*People v. McFadden* (July 28, 2022, C093218) [nonpub. opn.] (*McFadden*).)  He contends the trial court failed to consider relevant Penal Code[1] section 1385, subdivision (c), mitigating factors in refusing to strike defendant's firearm use enhancements.  Defendant also argues the trial court abused its discretion by

---

[1]     Undesignated statutory references are to the Penal Code.

1

finding dismissal of the firearm use enhancements would result in undue danger to the public without considering the length of his base term and the implications relative to defendant's age and opportunity to rehabilitate himself before he is first eligible for parole. We conclude that defendant forfeited these claims by failing to raise them in the trial court.

Defendant further contends the trial court erred in calculating his custody credits. The People concede the error, and we accept the concession. We will modify the judgment and affirm as modified.

BACKGROUND

A jury found defendant guilty of first degree murder, attempted voluntary manslaughter, and two counts of being a felon in possession of a firearm. (*McFadden*, *supra*, C093218.) The trial court found true the allegation that defendant was previously convicted of a strike offense and sentenced him to an aggregate term of 98 years to life in state prison. (*Ibid*.)

In July 2022, this court vacated defendant's sentence and remanded the matter for resentencing, finding "one of defendant's convictions for firearm possession should have been stayed under section 654." (*McFadden*, *supra*, C093218.) On remand, the trial court was directed to consider the amendments to section 1170 and our Supreme Court's decision in *People v. Tirado* (2022) 12 Cal.5th 668. (*McFadden*, *supra*, C093218.)

Prior to the resentencing hearing on remand, the People filed a sentencing memorandum in which they "agreed by stipulation to have . . . defendant resentenced to the midterm doubled for the attempted voluntary manslaughter conviction plus the midterm for the gun enhancement for a total . . . term of 10 years." The People, however, opposed "any reduction or striking of the . . . section 12022.53 enhancement." In support of their opposition, the People acknowledged our Supreme Court's decision in *Tirado* and argued the trial court's discretion to strike or reduce the firearm enhancement should be

guided by the same factors considered in a *Romero*[2] motion.  In short, they argued defendant's background, character, and prospects placed him within the spirit of the three strikes sentencing scheme and section 12022.53.

Defendant did not file any written arguments in advance of the resentencing hearing.

At the resentencing hearing, the People submitted on their brief.  After being asked by the court whether he had anything else, counsel responded:

"[Defense counsel]:  I would ask the court to go with the lesser -- less onerous sentencing provision of .5 on the basis that there's a point where the number of years is just excessive, and that's where we are.  So the [c]ourt should exercise its discretion, all things considered, with the fewer number of years on the .5.

"THE COURT:  All right.  Matter submitted, then, by both sides?

"[The People]:  Submitted.

"[Defense counsel]:  It is."

The court then sentenced defendant on count 1 to 50 years to life (25 years doubled due to his strike prior).  Referring to the section 12022.53, subdivision (d) enhancement alleged in count 1, the court noted it had the discretion "not only to strike it, but to impose 20 years or ten years or even go down to the 12022.5(a)."  Nevertheless, the court found "imposing anything less than the maximum in this case would be contrary to the interests of justice."  The court "considered the defendant's mitigation that has been indicated, and the mitigating circumstances in this case.  But in totality, when looking at the defendant's prior record, looking at the actions of the defendant in this case, the [c]ourt finds that there is a likelihood that if the [c]ourt imposes less than the maximum in this case, that it could result in physical – or would result in physical injury or serious

---

[2]      *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

3

danger to others. I'm finding it could be contrary to the interests of justice; therefore, the [c]ourt will impose the full 25 years to life under [section] 12022.53, [subdivision] (d)."

In total, the court sentenced defendant to an aggregate term of 86 years and 4 months to life in state prison: 50 years to life for murder (count one), plus 25 years for the firearm use enhancement; six years for attempted voluntary manslaughter (count two), plus four years for the firearm enhancement (as stipulated by the parties); 16 months for possessing a firearm (count three); and another four years for possessing a firearm (count four), stayed under section 654.

Defendant appealed.

## DISCUSSION

Through Senate Bill No. 81 (2021-2022 Reg. Sess.), and as of January 1, 2022, California law provides that a trial court "shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1).) In exercising its discretion under section 1385, subdivision (c)(1), a trial court "shall consider and afford great weight to evidence offered by the defendant" to prove one of nine enumerated mitigating circumstances. (§ 1385, subd. (c)(2).) As applicable here, multiple enhancements were applied to defendant's sentence. (§ 1385, subd. (c)(2)(B).)[3] "Proof of the presence of one or more of these [mitigating] circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) The term " '[e]ndanger public safety' " is defined

---

[3] Defendant argues section 1385, subdivision (c)(2)(C) applies because application of an enhancement could result in a sentence of more than 20 years. Because defendant's base term, without the enhancements, was 51 years and 4 months, the firearm use enhancements did not "cause" his sentence to exceed 20 years. As a result, this enhancement does not apply. (§ 1385, subd. (c)(2)(C).)

4

as "a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)

There is currently a split among the Courts of Appeal as to the interpretation of the requirement to "afford great weight" to the mitigating circumstances. (Compare *People v. Walker* (2022) 86 Cal.App.5th 386, review granted Mar. 22, 2023, S278309 with *People v. Ortiz* (2023) 87 Cal.App.5th 1087, review granted Apr. 12, 2023, S278894.) This issue is currently under review and the California Supreme Court will ultimately decide the parameters of a trial court's discretion under amended section 1385.

We need not weigh in on this split of authority here because defendant argues the court failed even to consider the mitigating factors found in section 1385, subdivision (c). Defendant also argues the trial court abused its discretion by finding dismissal of the firearm strikes would endanger public safety without considering the length of defendant's base term. Specifically, the court failed to consider defendant could be rehabilitated during his lengthy incarceration and would be 91 years old when he is first eligible for parole. We conclude defendant forfeited these claims by failing to raise them in the trial court.

Defendant was resentenced in March 2023, more than one year after section 1385 was amended by Senate Bill No. 81 (2021-2022 Reg. Sess.). " 'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. [Citation.] The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons . . . ." ' " (*People v. Scott* (2015) 61 Cal.4th 363, 406.) "Strong policy reasons support this rule: 'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. [Citations.]' [Citation.]

' " ' "The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them.  If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal." ' " ' "  (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)

" '[D]iscretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue.' "  (*In re Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7.)  Absent a change in the law that applies retroactively (e.g., *People v. Stamps* (2020) 9 Cal.5th 685, 698-699), or an extenuating circumstance (e.g., *People v. Perez* (2020) 9 Cal.5th 1, 7-8), neither of which is applicable here, the policy reasons underlying the forfeiture doctrine fully support its application where a defendant remains silent when sentenced and then seeks to obtain appellate relief based on asserted sentencing errors under a change in the law that had long been in effect.

Here, defendant did not provide the trial court with any written arguments prior to the resentencing hearing.  At the resentencing hearing, counsel argued only that the court should impose the "less onerous sentencing provision of .5" because the number of years imposed was "excessive."  Defendant never raised section 1385, subdivision (c) and never asked the court to consider defendant's age or opportunity to rehabilitate in relation to the length of his sentence.  In short, defendant did not object or alert the trial court to any of the errors he now claims entitle him to remand for resentencing.  He "cannot argue on appeal that the trial court erred in failing to conduct an analysis it was not asked to conduct."  (*People v. Fruits* (2016) 247 Cal.App.4th 188, 208.)

Defendant further contends, and the People agree, the trial court failed to correctly calculate his custody credits at the resentencing hearing.  Defendant was arrested on November 20, 2019, and resentenced on March 17, 2023.  The court erroneously calculated defendant's custody credits to be 1,211 days.  The People concede defendant is

6

entitled to 1,214 days of custody credit.  Having reviewed the record, we agree with the parties and order the judgment be modified to reflect the correct number of credits.

DISPOSITION

The judgment is modified to reflect custody credits totaling 1,214 days.  The trial court is directed to amend the abstract of judgment and provide a copy to the Department of Corrections and Rehabilitation.  The judgment is affirmed as modified.


/s/
Wiseman, J.*


We concur:


/s/
Earl, P. J.


/s/
Hull, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.